## UNITED STATED DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AMADOU WANE,

     Plaintiff,

v.                             Case No. 8:10-cv-01346-EAK-MAP

ALL CHILDREN'S HOSPITAL,
a Florida Non-Profit Corporation,

     Defendant.

_____/

### ALL CHILDREN'S HOSPITAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, All Children's Hospital, Inc.[1] ("All Children's"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial filed by Amadou Wane ("Plaintiff") and in support thereof states:

### ANSWER

1.     Admitted that this purports to be such an action, otherwise denied.

2.     Denied.

3.     Admitted.

4.     Admitted for jurisdictional purposes only.

5.     Without knowledge as to Plaintiff being a resident of Hillsborough County, Florida at all times material to this action.  Admitted as to All Children's being a non-profit Florida corporation conducting business in Pinellas County, Florida.

6.     Without knowledge.

7.     Admitted Plaintiff became employed on January 20, 2002.

---

[1] Plaintiff named All Children's Hospital as the Defendant in his Complaint and Demand for Jury Trial, but the

8.      Admitted that Plaintiff was discharged due to the elimination of his position.

9.      Plaintiff's allegation is vague and ambiguous, and thus All Children's is unable to admit or deny, therefore denied.

10.     Admitted that Plaintiff was not automatically given an open position in All Children's Information Technology ("IT") department as Plaintiff never applied for any such position, if it existed; otherwise denied.

11.     Admitted that All Children's received an application from Mr. Mark Thomas, a Caucasian male, for an open position in the IT department and he was subsequently hired.

## COUNT I – RACE DISCRIMINATION

12.     All Children's realleges its answers to paragraphs 1 through 11 as if fully restated herein.

13.     Denied.

14.     Denied.

15.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and Demand for Jury Trial fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's discharge was for legitimate, non-discriminatory, and non-retaliatory reasons.

### Third Affirmative Defense

Plaintiff's claims, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppel.

---

corporate entity name is All Children's Hospital, Inc.

### Fourth Affirmative Defense

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to reasonably mitigate his damages.

### Fifth Affirmative Defense

Defendant is entitled to a set-off against Plaintiff's claims in the amount, or amounts, which Plaintiff did, or could have, earned through reasonable efforts, or did, or could have, obtained through unemployment compensation.

### Sixth Affirmative Defense

Defendant has not engaged in unlawful discrimination with respect to Plaintiff and, therefore, Defendant cannot be liable for either compensatory or punitive damages.

### Seventh Affirmative Defense

Plaintiff's claims for damages are barred in whole in or in part by the doctrine of after-acquired evidence.

### Eighth Affirmative Defense

Plaintiff's employment was at-will.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in party by the applicable statutes of limitations.

### Tenth Affirmative Defense

As a result of his conduct, acts and or omissions, Plaintiff has unclean hands.

### Eleventh Affirmative Defense

The Complaint and Demand for Jury Trial, to the extent that it seeks punitive or exemplary damages violated All Children's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and therefore fails to state a

cause of action for which punitive or exemplary damages may be awarded.

## Twelfth Affirmative Defense

Plaintiff failed to timely file a charge of discrimination and therefore certain claims are barred.

WHEREFORE, All Children's prays that the Complaint and Demand for Jury Trial be dismissed and it be awarded appropriate fees and costs.

Respectfully submitted,

/s/ Laura E. Prather
LAURA E. PRATHER
Florida Bar No.: 870854
leprather@trenam.com
ANDREW R. LINCOLN
Florida Bar No. 69588
lincoln@trenam.com
Trenam, Kemker, Scharf, Barkin,
   Frye, O'Neill & Mullis, P.A.
101 East Kennedy Boulevard
Suite 2700
Tampa, Florida 33602
Phone: (813) 223-7474
Fax: (813) 229-6553
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2010, I electronically filed the foregoing All Children's Hospital's Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial with the Clerk of the Court by using the CM/ECF system, which will send Notice to cberman@tampabay.rr.com.

/s/ Laura E. Prather
Attorney