**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AMADOU WANE,**

        **Plaintiff,**

vs.                              Case No.    8:10-cv-01346-EAK-MAP

**ALL CHILDREN'S HOSPITAL,**
a Florida Non-Profit Corporation

        **Defendant.**
_____/

## CASE MANAGEMENT REPORT

    1. <u>Meeting of Parties</u>. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **August 30, 2010** (date) at **2:30 p.m.** (time) **by telephone** and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Craig L. Berman** | **Plaintiff** |
| **Laura Prather** | **Defendant** |

    2.    <u>Initial Disclosures</u>:

        a.    Fed. R. Civ. P. 26(a)(1), as amended December 1, 2000, provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the

1

nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1).

The parties (check one):

**X**   Have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **September 20, 2010**.

___   Have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).
_____ (Identify part(ies) objects to disclosure of such information for the specific reason(s) that:
_____
_____

3.   Discovery Plan - Plaintiff: The parties jointly propose the following Plaintiff's discovery plan:

   a. Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   (i) Requests for Admission

   **As permitted by the Federal Rules of Civil Procedure.**

   Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be must be made in paragraph 6 below and approved by the court.

   (ii) Written Interrogatories:

   **As permitted by Federal and Local Rules of Civil Procedure.**

   Number of Interrogatories: Local Rule 3.03 (a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon

any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be must be made in paragraph 6 below and approved by the court.

    (iii)   Requests for Production or Inspection:

**As permitted by the Federal Rules of Civil Procedure.**

    (iv)   Oral Depositions:

**As permitted by the Federal Rules of Civil Procedure.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31 (a) (2) (A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|------|-------------------------------|---------|
|      |                               |         |

    b.   Disclosure of Expert Testimony:

Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

    **Plaintiff:   April 4, 2011**
    **Defendant:  May 4, 2011**

    c.   Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P.26(e) will be provided at the following times:

3

**As required by the Federal Rules.**

    d.    Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before **June 6, 2011**. **Discovery requests will be served in advance of the discovery cutoff such that a response is due on or before the discovery cutoff.**

4.    Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan:

    a.    Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (i) Requests for Admission:

**As permitted by the Federal Rules of Civil Procedure.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P.26(b)(2). Any such request must be must be made in paragraph 6 below and approved by the court.

    (ii) Written Interrogatories:

**As permitted by Federal and Local Rules of Civil Procedure.**

Number of Interrogatories: Local Rule 3.03 (a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be must be made in paragraph 6 below and approved by the court.

    (iii) Requests for Production or Inspection:
**As permitted by the Federal Rules of Civil Procedure.**

    (iv) Oral Depositions:

**As permitted by the Federal Rules of Civil Procedure.**

4

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31 (a) (2) (A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
|  |  |  |

The parties will make a request to enlarge the deposition limits, if necessary, before the close of discovery.

    b.    Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **Thirty (30) days after service of expert disclosure by Plaintiff.**

c.    Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed R. Civ. P.26(e) will be provided at the following times:

**As required by the Federal Rules of Civil Procedure.**

d.    Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before **June 6, 2011** .

**Discovery requests will be served in advance of the discovery cutoff such that a response is due on or before the discovery cutoff.**

5.    Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

6.    Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery

completion dates.  The parties are unable to agree as to the following issues concerning discovery:

7. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be **February 4, 2011.** Motions for summary judgment, and all other potentially dispositive motions should be filed by **July 29, 2011** time limit Local Rule 4.03.)

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their inten regarding Alternative Dispute Resolution:

      Parties agree that settlement is
\_\_\_ likely      (check one)
 **X**   unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). \_\_\_yes    **x**  no _____likely to agree in future.

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

    _____ yes   **x**\_\_\_\_\_  no  _____likely to agree in future.

10. Preliminary Pretrial Conference: Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
_____            request
  **X**\_\_\_            do not request (check one)
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **September 30, 2011**    (date) and for trial on or after **October 28, 2011** (date). Trial is expected to take approximately **32** hours. This case is scheduled for    **x**    jury _____ non-jury trial.

12. <u>Pretrial Disclosures</u> <u>and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Others Matters</u>:   **None**.

Date:   <u>August 30, 2010</u>

<u>*/s/ Craig L. Berman*</u>
Craig L. Berman, Esq.
BERMAN LAW FIRM, P.A.
Fla. Bar No. 068977
111 Second Ave. N.E., Suite 706
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
cberman@tampabay.rr.com

TRIAL COUNSEL FOR PLAINTIFF

<u>*/s/ Laura E. Prather*</u>
LAURA E. PRATHER, ESQ.
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
P.O. Box 1102
Tampa, FL 33601
Phone: (813) 223-7474
Fax: (813) 229-6553
Fla Bar No.    870854
leprather@trenam.com

TRIAL COUNSEL FOR DEFENDANT